**BOND SCHOENECK & KING PLLC**
Samuel G. Dobre, Esq.
Attorney ID: 306582019
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
*Attorneys for Defendant Worldwide Flight Services, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

PAULA BURKE-GREEN-WARREN,

                         Plaintiff,

          v.

WORLDWIDE FLIGHT SERVICES, INC., INDIGO
PARTNERS & FRONTIER AIRLINES HOLDINGS,
INC. d/b/a FRONTIER AIRLINES,

                         Defendants.

---

**NOTICE OF REMOVAL**

Civil Action No.:

---

**TO:   THE CLERK AND THE HONORABLE JUDGES
       OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

Defendants WORLDWIDE FLIGHT SERVICES, INC., ("WFS"), and Indigo Partners &

Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines ("Frontier"), (collectively "Defendants"),

by and through their undersigned counsel of record, file this Notice of Removal of the above-

captioned action to the United States District Court for the District of New Jersey from the New

Jersey Superior Court, Law Division, Mercer County, where the action is now pending, as

provided by Title 28, United States Code, Chapter 89 and state:

**STATE COURT ACTION**

1.     Plaintiff Paula Burke-Green-Warren ("Plaintiff") commenced this action on

December 5, 2022, by filing a Complaint in the Superior Court of New Jersey, Law Division,

Mercer County, captioned *Paula Burke-Green-Warren v. Worldwide Flight Services, Inc., Indigo*

*Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines.*, bearing Docket No. MER-L-002081-22 ("the State Court Action"). The State Court Action is now pending in that court.

2.      Attached and incorporated as **EXHIBIT A** is a true and correct copy of the Complaint filed on or about December 5, 2022.

3.      Attached and incorporated as **EXHIBIT B** is a true and correct copy of WFS's Answer and Defenses to Plaintiff's Complaint filed on February 15, 2023.

4.      Attached and incorporated as **EXHIBIT C** is a true and correct copy of Frontier's Answer and Defenses to Plaintiff's Complaint filed on February 24, 2023.

5.      The above documents constitute all "process, pleadings and orders" served upon or sent to Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a). In addition, Plaintiff has sent similar communications directly to this law firm.

6.      At the time the State Court Action was filed, Defendants did not have notice that the value of Plaintiff's claims exceeded Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

7.      On February 15, 2023, WFS served upon Plaintiff, by and through counsel, Requests for Admission. A true and correct copy of WFS's Requests for Admission to Plaintiff is attached and incorporated as **EXHIBIT D**.

8.      The Requests for Admission requested that Plaintiff admit or deny that she is seeking more than $75,000 in total damages in this case. See **EXHIBIT D**.

9.      Pursuant to N.J.R. 4:22-1, any Request for Admission that is not denied or objected to within thirty (30) days of receipt is deemed admitted. N.J.R. 4:22-1.

15736264.1 4/13/2023

10.     To date, Plaintiff has not objected to nor provided a response to WFS's Requests for Admission. Accordingly, Plaintiff has admitted that her claimed damages exceed $75,000.00, exclusive of interest and costs. N.J. R. 4:22-1.

## GROUNDS FOR REMOVAL AND TIMELINESS

11.     Defendants remove this action based on diversity of citizenship under 28 U.S.C. §1441(b). This Court has original jurisdiction under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

13.     28 U.S.C. §1446(b) reads, in pertinent part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] of this title more than 1 year after commencement of the action.

14.     Plaintiff's admission by and through her failure to respond to WFS's Requests for Admission within thirty (30) days pursuant to N.J.R. 4:22-1 constitutes "other paper" within the second paragraph of 28 U.S.C. §1446(b) to support removal.

15.     This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is filed within thirty (30) days after the expiration of Plaintiffs' time to respond to the Requests for Admissions, which was March 17, 2023.

16.     This Notice of Removal is also filed within one year of the commencement of the State Court Action, December 5, 2022, and therefore is timely under 28 U.S.C. § 1446(c)(l).

15736264.1 4/13/2023

**DIVERSITY JURISDICTION**

17.     The United States District Court for the District of New Jersey has diversity jurisdiction over this case based on 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332 (a)(1). As explained below, both of these requirements are met.

**A.     Citizens of Different States**

18.     At the time of filing of the Complaint and at the time of removal, upon information, knowledge and belief, Plaintiff is an individual and a resident of New Jersey.

19.     At the time of filing of the Complaint and at the time of removal, Defendants WFS and Frontier are corporations. For diversity jurisdiction purposes, a corporation such as WFS and Frontier are deemed citizens of its State of incorporation and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted).

20.     WFS is, and was at the time Plaintiff filed the Summons and Complaint in State Court, a citizen of Delaware, and not New Jersey under 28 U.S.C. § 1332(c). WFS is incorporated in Delaware, and maintains its corporate headquarters in New York. See Certification of Helen Yu in Support of WFS's Notice of Removal.

21.     Frontier Airline Holdings, Inc. is, and was at the time Plaintiff filed the Summons and Complaint in State Court, a citizen of Delaware, and not New Jersey under 28 U.S.C. §

1332(c). Frontier Airline Holdings, Inc. is incorporated in Delaware, and maintains its corporate headquarters in Colorado.  Indigo Partners, LLC is, and was at the time Plaintiff filed the Summons and Complaint in State Court, a citizen of Delaware, and not New Jersey under 28 U.S.C. § 1332(c). Indigo Partners, LLC is incorporated in Delaware, and maintains its corporate headquarters in Arizona.

22.     At all material times hereto, Defendants were duly registered to do, and was doing, business in the State of New Jersey.

23.     Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Defendants are citizens of different states.

**B.     Amount in Controversy is Met[1]**

24.     The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00. See 28 U.S.C. § 1332(a).

25.     Accordingly, the amount in controversy, exceeds the jurisdictional minimum of $75,000.00. See 28 U.S.C. § 1332(a).

26.     Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331(a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

---

[1]     Defendants do not concede Plaintiff's allegations are true or that her claims have any merit. Defendants provide the following only to demonstrate that the amount in controversy, based on the admission to WFS's Requests for Admission, taken as a whole exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

15736264.1 4/13/2023

## VENUE

27.     The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending.

## NOTICE TO PLAINTIFF

28.     Upon filing of the Notice of Removal, WFS also gave written notice thereof to Plaintiff's counsel, William J. Fox, 1626 Pine Street, Philadelphia, PA 19103, pursuant to 28 U.S.C. § 1446(a).

29.     By filing the Notice of Removal, Defendants do not waive any objections as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

30.     If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

31.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

32.     Defendants respectfully request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

15736264.1 4/13/2023

**WHEREFORE**, Defendants respectfully request that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

Dated: April 13, 2023

BOND SCHOENECK & KING PLLC

By: _____

Samuel G. Dobre, Esq.
*Attorneys for Defendant*
*WORLDWIDE FLIGHT SERVICES, INC*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
sdobre@bsk.com

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

By:   /s/ Megan R. Calme
_____

Megan R. Calme, Esq.
*Attorneys for Defendant*
*Indigo Partners & Frontier Airlines Holdings, Inc.*
Attorney Id.: 001202012
3102 West End Avenue
Suite 400
Nashville, TN 37203
615-324-7840 (Main)
502-238-7844 (Fax)
Megan.calme@wilsonelser.com

15736264.1 4/13/2023