# EXHIBIT A

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney Id. 019161993
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477                                    Attorney for Plaintiff

| | |
|---|---|
| PAULA BURKE -GREEN-WARREN : | SUPERIOR COURT OF NEW JERSEY |
| 10 Dresser Avenue : | MERCER COUNTY |
| Burlington, NJ 08016 : | LAW DIVISION |
| Plaintiff : | |
| v. : | |
| : | |
| WORLDWIDE FLIGHT : | |
| SERVICES, INC. : | |
| 1100 Terminal Circle Drive : | |
| Ewing Township, NJ 08628 : | |
| and : | |
| INDIGO PARTNERS & FRONTIER : | |
| AIRLINES HOLDINGS, INC. : | |
| D/B/A FRONTIER AIRLINES : | |
| 151 E. Hangar Road : | |
| Jamaica, NY 11430 : | |
| Defendant : | JURY TRIAL DEMANDED |
| : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Paula Burke-Green-Warren, by and through her attorney, William J. Fox, Esquire, hereby brings this Complaint against the above-captioned corporation. This matter arises under the New Jersey Law Against Discrimination codified at N.J.S.A.§ 10:5-1, et seq, the New Jersey prohibiting discrimination and harassment on the basis of disability and retaliation for engaging in protected activity.

## PARTIES

1. Plaintiff, Paula Burke-Green-Warren, was an employee of Defendants, Worldwide Flight Service, Inc.; and, Indigo Partners and Frontier Airlines Holdings, Inc., d/b/a Frontier Airlines, at all times relevant to this matter and resides at the above listed address. Plaintiff's

1

color is black; her race is African; and her national origin is Jamaican.

2. Defendants, Worldwide Flight Service, Inc.; and, Indigo Partners and Frontier Airlines Holdings, Inc, d/b/a Frontier Airlines, are businesses that regularly conduct business throughout the State of New Jersey.

## FACTS

3. In March of 2021, Plaintiff began her employment with Defendants as a Customer Service Agent. Plaintiff worked at the Trenton-Mercer Airport and her job duties required her to work at counters at the airport and to stand for lengthy periods of time.

4. In May of 2021, Plaintiff learned that she was pregnant and that her due-date was projected to be January 15, 2022.

5. At all times relevant, Plaintiff's manager was Fiona Nawab.

6. In June of 2021, Plaintiff notified Defendant and Ms. Nawab that she was pregnant. Plaintiff requested the accommodation of being able to take bathroom breaks as needed and to eat and hydrate as needed. These accommodations were recommended by Plaintiff's doctor, an obstetrician.

7. Defendants and Nawab refused to provide Plaintiff with this accommodation and told Plaintiff she could only take bathroom breaks every five hours.

8. As a result of Defendants' denial of the accommodation, Plaintiff would often go as long as five hours without a bathroom break causing Plaintiff great pain, cramps and resulted in Plaintiff suffering a painful urinary tract infection.

9. On August 9, 2021, Plaintiff's legs became swollen due to the pregnancy and she requested a stool to sit on as an accommodation. Plaintiff's doctor wrote a note requesting this

accommodation.

10. Plaintiff's supervisor agreed to allow Plaintiff to keep a stool behind the counter provided that Plaintiff stood when dealing with customers.

11. The accommodation was helpful and relieved Plaintiff of pain. Unfortunately, the accommodation only lasted for two weeks.

12. When Ms. Nawab learned of the accommodation, she reversed the accommodation afforded by Plaintiff's supervisor, removed Plaintiff's stool and refused any other form of accommodation

13. At all times relevant, Plaintiff's pregnancy disabled her and substantially limited her major life activities such as standing, lifting and working.

14. During Plaintiff's employment with Defendants, she was required to complete what is known as "Esafe" training.

15. Plaintiff did the training during work hours and when off duty. Defendant informed Plaintiff and other employees that they would be paid for off-duty training.

16. However, Defendant repeatedly refused to pay Plaintiff for the off duty training.

17. To hinder Plaintiff's progress in completing training, Ms. Nawab refused to process approvals that Plaintiff completed the training so as to allow her to continue with the next set of courses.

18. During her employment, Plaintiff had completed 56 courses.

19. Even after Plaintiff wrote a letter complaining that Ms. Nawab was not responding to her requests to approve the completed courses, Nawab still refused to process these approvals.

20. On or about October 6, 2021, Plaintiff complained in text messages to coworkers

3

about discrimination and harassment that she was experiencing in the workplace.

21. When Ms. Nawab learned of Plaintiff's texts, she summoned Plaintiff to her office and berated Plaintiff for making said complaints stating that Plaintiff's comments were harmful to Defendant.

22. On October 16, 2021, Plaintiff purchased Frontier Airline tickets for herself and family to travel to Atlanta on November 24, 2021 to visit her extended family over the Thanksgiving holiday.

23. Plaintiff properly requested pay for 19 hours of sick leave. Ms. Nawab repeatedly refused to approve of the sick pay.

24. Defendant had continually misspelled Plaintiff's name on paychecks which prompted Plaintiff to make multiple requests to Ms. Nawab to correct the spelling.

25. Ms. Nawab ignored Plaintiff's request and refused to make the correction.

26. Throughout October of 2021, and after Plaintiff had made multiple complaints to Briana Branca, Defendants' Human Resources Manager, Ms. Nawab continued to harass, ignore, isolate and retaliate against Plaintiff because of her race, color, national origin, gender, pregnancy and disability.

27. The aforesaid actions of Defendants and Nawab constituted crass harassment and discrimination.

28. Ms. Nawab's aforesaid harassment was pervasive and caused Plaintiff to work in a hostile work environment.

29. On October 29, 2022, due to the hostile work environment and the negative effects Nawab's harassment and discrimination had on Plaintiff, Plaintiff resigned from her

employment.

30. At all times relevant, Defendant has refused to pay Plaintiff's sick time and training time in violation of New Jersey's Wage and Hour Law.

31. On November 24, 2021, after Plaintiff had obtained all boarding passes for herself and her family, to travel to Atlanta, Ms. Nawab maliciously intervened and directed Tierra Flamer, a Customer Service Agent to step aside.

32. Ms. Nawab then unassigned the seats registered to Plaintiff and her family and refused to allow Plaintiff and her family to board her flight.

33. Ms. Nawab did not offer Plaintiff and her family any compensation or alternative flights for voiding their tickets. Defendants have still not refunded Plaintiff the cost of the airline tickets.

34. Plaintiff's luggage and her three year old daughter's car seat were already stored on the airplane. Nawab refused to return these items to Plaintiff and the luggage left with the airplane.

35. As a result of Defendants' actions, Plaintiff and her family were not able to travel to Atlanta for the Thanksgiving holiday.

36. The luggage and car seat that had already been checked and stored on the plane was not returned until late in night on Thanksgiving, November 25, 2021.

37. Plaintiff was forced to drive her three year old child in her car without a safe car seat.

38. At all times relevant, Human Resources manager, Brianna Branca, was aware of Ms. Nawab's outrageous and discriminatory actions against Plaintiff but did nothing to intervene and stop the discrimination, retaliation and harassment.

39. Any reason that Defendants can offer to justify the discharge of Plaintiff's employment are false and constitute a pretext.

40. At all times relevant, Defendants provided preferential treatment to employees who were not pregnant, African, black, Jamaican and who did not request an accommodation and/or who did not have disabilities.

41. Defendants' aforesaid actions constitute disability discrimination; gender discrimination; pregnancy discrimination; race, color and national origin discrimination; and, retaliation in violation of the LAD.

## COUNT I
## N.J.S.A. 10:5-1 et seq.
## Disability Discrmination

42. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

43. At all times relevant, Plaintiff was pregnant and under a physician's care due to disabilities related to her pregnancy.

44. Defendant refused to allow Plaintiff reasonable accommodations and failed to engage in the deliberative process to determine if a reasonable accommodation could be provided to Plaintiff.

45. Defendant's failure to provide a reasonable accommodation to Plaintiff; and, failure to engage in the deliberative process to determine if a reasonable accommodation could be provided to Plaintiff caused Plaintiff to work in a hostile work environment and constitutes disability discrimination, harassment, constructive discharge and retaliation in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

## COUNT II
### N.J.S.A. 10:5-1, et seq.
### RETALIATION

46. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

47. Plaintiff engaged in protected conduct when she sought accommodations for her disability and pregnancy.

48. Defendants' failure to accommodate Plaintiff and continued harassment of Plaintiff constitutes retaliation in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, Suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional Opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this court deems just and proper under the circumstance.

## COUNT III
## N.J.S.A 10:5-1, et. seq.
### Gender and Pregnancy Discrimination & Retaliation

49. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

50. At all times relevant, Plaintiff was female, pregnant and reported her pregnancy to her supervisor and employer.

51. After Plaintiff reported her pregnancy to Defendants, she was subjected to discrimination, harassment, hostile work environment and retaliation.

52. Defendants' aforesaid actions violate the LAD and constitute a constructive discharge.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

## COUNT IV
## N.J.S.A 10:5-1, et. seq.
### Race, Color and National Origin Discrimination

53. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

54. At all times relevant, Plaintiff's color is black, her race is African, and her national origin is Jamaican.

55. Defendants subjected Plaintiff to discrimination, harassment, hostile work environment and retaliation because of her race, color and national origin.

56. Defendants' aforesaid actions violate the LAD and constitute a constructive discharge.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

## COUNT V
## N.J.S.A. 34:11-1 et seq.
## New Jersey Wage And Hour Law - Failure To Pay Wages

57. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

58. By and through its course of conduct as allged herein, Defendants violated the New Jersey Wage and Hour Law by failing to pay all of Plaintiff's wages.

59. Defendants' conduct was intentional, deliberate, willful and was done with callous disregard of Plaintiff's rights.

60. As a direct and parximate result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the New Jersey Waged and Hour Law, including back pay, front pay,

9

compensatory damages, punitive damages, attorney's fees, costs of litigation and any other relief that this court deems just and proper under the circumstances.

## JURY TRIAL

Plaintiff demands a jury trial.

## TRIAL DESIGNATION

PLEASE TAKE NOTICE that pursuant to Rule 4:25-1, WILLIAM J. FOX, ESQURE, is hereby designated as trial counsel in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1(B)(3)

Pursuant to Rule 4:5-1(b)(3), and in compliance with Rule 1:38-7c, the undersigned counsel hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: 12-5-22

WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-002081-22

**Case Caption:** BURKE-GREEN-WARREN PAULA  VS WORLDWIDE FLIGHT SER
**Case Initiation Date:** 12/05/2022
**Attorney Name:** WILLIAM JOSEPH FOX
**Firm Name:** WILLIAM J. FOX
**Address:** 1626 PINE ST
PHILADELPHIA PA 19103
**Phone:** 2155462477
**Name of Party:** PLAINTIFF : Burke-Green-Warren, Paula
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO
**Are sexual abuse claims alleged by: Paula Burke-Green-Warren?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES
**If yes, is that relationship:** Employer/Employee
**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/05/2022                                                                                               /s/ WILLIAM JOSEPH FOX
Dated                                                                                                    Signed