# EXHIBIT B

**BOND SCHOENECK & KING PLLC**
Samuel G. Dobre, Esq.
Attorney ID: 306582019
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
*Attorneys for Defendant Worldwide Flight Services, Inc.*

SUPERIOR COURT OF THE STATE OF NEW JERSEY
COUNTY OF MERCER: LAW DIVISION

| | |
|---|---|
| PAULA BURKE-GREEN-WARREN, | MER-L-002081-22 |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.** |
| WORLDWIDE FLIGHT SERVICES, INC., INDIGO PARTNERS & FRONTIER AIRLINES HOLDINGS, INC. d/b/a FRONTIER AIRLINES, | |
| Defendants. | |

Defendant Worldwide Flight Services, Inc. ("WFS"), by and through its undersigned attorneys and pursuant to New Jersey Rule of Court 4:5-3, answers Plaintiff's *Complaint* in the above-captioned case as follows:

1.     Plaintiff, Paula Burke-Green-Warren, was an employee of Defendants, Worldwide Flight Service, Inc.; and Indigo Partners and Frontier Airlines Holdings, Inc., d/b/a Frontier Airlines, at all times relevant to this matter and resides at the above listed address.  Plaintiff's color is black; her race is African; and her national origin is Jamaican.

**ANSWER:**  WFS admits that Plaintiff was a WFS employee and that Plaintiff is Black and her national origin is Jamaican.  WFS denies the remaining allegations contained in ¶ 1 of the *Complaint*.

2.      Defendants, Worldwide Flight Service, Inc.; and Indigo Partners and Frontier Airlines Holdings, Inc, d/b/a Frontier Airlines, are businesses that regularly conduct business throughout the State of New Jersey.

**ANSWER:**      WFS admits that it conducts business in the State of New Jersey.  Defendant denies the remaining allegations contained in ¶ 2 of the *Complaint*.

3.      In March of 2021, Plaintiff began her employment with Defendants as a Customer Service Agent.  Plaintiff worked at the Trenton-Mercer Airport and her job duties required her to work at counters at the airport and to stand for lengthy periods of time.

**ANSWER:**      WFS admits that in March of 2021, Plaintiff began her employment as a Customer Service Agent at the Trenton-Mercer Airport.  WFS denies the remaining allegations contained in ¶ 3 of the Complaint.

4.      In May of 2021, Plaintiff learned that she was pregnant and that her due date was projected to be January 15, 2022.

**ANSWER:**      WFS admits that Plaintiff was pregnant during her employment.  WFS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 4 of the Complaint and, therefore, denies those allegations.

5.      At all times relevant, Plaintiff's manager was Fiona Nawab.

**ANSWER:**      WFS admits the allegations contained in ¶ 5 of the *Complaint*.

6.      In June of 2021, Plaintiff notified Defendant and Ms. Nawab that she was pregnant. Plaintiff requested the accommodation of being able to take bathroom breaks as needed and to eat

2

and hydrate as needed.  These accommodations were recommended by Plaintiff's doctor, an obstetrician.

**ANSWER:**   WFS admits that Ms. Nawab was aware of Plaintiff's pregnancy and specifically states that Ms. Nawab informed Plaintiff that she could take bathroom and rest breaks as needed. Defendant denies the remaining allegations contained in ¶ 6 of the *Complaint*.

7.      Defendants and Nawab refused to provide Plaintiff with this accommodation and told Plaintiff she could only take bathroom breaks every five hours.

**ANSWER:**   WFS denies the allegations contained in ¶ 7 of the *Complaint*.

8.      As a result of Defendants' denial of the accommodation, Plaintiff would often go as long as five hours without a bathroom break causing Plaintiff great pain, cramps and resulted in Plaintiff suffering a painful urinary tract infection.

**ANSWER:**   WFS denies the allegations contained in ¶ 8 of the *Complaint*.

9.      On August 9, 2021, Plaintiff's legs became swollen due to the pregnancy and she requested a stool to sit on as an accommodation.  Plaintiff's doctor wrote a note requesting this accommodation.

**ANSWER:**   WFS denies the allegations contained in ¶ 9 of the *Complaint*.

10.      Plaintiff's supervisor agreed to allow Plaintiff to keep a stool behind the counter provided that Plaintiff stood when dealing with customers.

**ANSWER:**   WFS denies the allegations contained in ¶ 10 of the *Complaint*.

11.      The accommodation was helpful and relieved Plaintiff of pain.  Unfortunately, the accommodation only lasted for two weeks.

3

**ANSWER:**     WFS denies the allegations contained in ¶ 11 of the *Complaint*.

12.     When Ms. Nawab learned of the accommodation, she reversed the accommodation afforded by Plaintiff's supervisor, removed Plaintiff's stool and refused any other form of accommodation.

**ANSWER:**     WFS denies the allegations contained in ¶ 12 of the *Complaint*.

13.     At all times relevant, Plaintiff's pregnancy disabled her and substantially limited her major life activities such as standing, lifting and working.

**ANSWER:**     WFS denies the allegations contained in ¶ 13 of the *Complaint*.

14.     During Plaintiff's employment with Defendants, she was required to complete what is known as "Esafe" training.

**ANSWER:**     WFS admits the allegations contained in ¶ 14 of the *Complaint*.

15.     Plaintiff did the training during work hours and when off duty.  Defendant informed Plaintiff and other employees that they would be paid for off duty training.

**ANSWER:**     WFS admits employees completed required training during normal work hours. WFS denies the remaining allegations contained in ¶ 15 of the *Complaint*.

16.     However, Defendant repeatedly refused to pay Plaintiff for the off-duty training.

**ANSWER:**     WFS denies the allegations contained in ¶ 16 of the *Complaint*.

17.     To hinder Plaintiff's progress in completing training, Ms. Nawab refused to process approvals that Plaintiff completed the training so as to allow her to continue with the next set of courses.

**ANSWER:**   WFS denies the allegations contained in ¶ 17 of the *Complaint*.

18.   During her employment, Plaintiff had completed 56 courses.

**ANSWER:**   WFS denies the allegations contained in ¶ 18 of the *Complaint*.

19.   Even after Plaintiff wrote a letter complaining that Ms. Nawab was not responding to her requests to approve the completed courses, Nawab still refused to process these approvals.

**ANSWER:**   WFS denies the allegations contained in ¶ 19 of the *Complaint*.

20.   On or about October 6, 2021, Plaintiff complained in text messages to coworkers about discrimination and harassment that she was experiencing in the workplace.

**ANSWER:**   WFS denies the allegations contained in ¶ 20 of the *Complaint*.

21.   When Ms. Nawab learned of Plaintiff's texts, she summoned Plaintiff to her office and berated Plaintiff for making said complaints stating that Plaintiff's comments were harmful to Defendant.

**ANSWER:**   WFS denies the allegations contained in ¶ 21 of the *Complaint*.

22.   On October 16, 2021, Plaintiff purchased Frontier Airline tickets for herself and family to travel to Atlanta on November 24, 2021, to visit her extended family over the Thanksgiving holiday.

**ANSWER:**   WFS admits that – as one of the benefits extended to Plaintiff as an active WFS employee working on the Frontier account – Plaintiff was eligible to book travel and fly stand-by on Frontier flights for a minimal fee as a designated "non-revenue passenger" that could board and

travel on the flight if, and only if, there were vacant seats that could not be filled by paying customers. WFS further admits that Plaintiff made arrangements on October 16, 2021 for herself and her family to travel stand-by as non-revenue passengers from TTN to ATL the day before Thanksgiving.

23. Plaintiff properly requested pay for 19 hours of sick leave. Ms. Nawab repeatedly refused to approve of the sick pay.

**ANSWER:** WFS denies the allegations contained in ¶ 23 of the *Complaint*.

24. Defendant had continually misspelled Plaintiff's name on paychecks which prompted Plaintiff to make multiple requests to Ms. Nawab to correct the spelling.

**ANSWER:** WFS admits that the letter "e" was left off the name "Burke" on Plaintiff's paychecks for a period of time. WFS specifically states that Briana Branca corrected the spelling in WFS's payroll system. WFS denies the remaining allegations contained in ¶ 24 of the *Complaint*.

25. Ms. Nawab ignored Plaintiff's request and refused to make the correction.

**ANSWER:** WFS denies the allegations contained in ¶ 25 of the *Complaint*.

26. Throughout October of 2021, and after Plaintiff had made multiple complaints to Briana Branca, Defendants' Human Resources Manager, Ms. Nawab continued to harass, ignore, isolate and retaliate against Plaintiff because of her race, color, national origin, gender, pregnancy and disability.

**ANSWER:** WFS denies the allegations contained in ¶ 26 of the *Complaint*.

6

27.     The aforesaid actions of Defendants and Nawab constituted crass harassment and discrimination.

**ANSWER:**  WFS denies the allegations contained in ¶ 27 of the *Complaint*.

28.     Ms. Nawab's aforesaid harassment was pervasive and caused Plaintiff to work in a hostile work environment.

**ANSWER:**  WFS denies the allegations contained in ¶ 28 of the *Complaint*.

29.     On October 29, 2022, due to the hostile work environment and the negative effects Nawab's harassment and discrimination had on Plaintiff, Plaintiff resigned from her employment.

**ANSWER:**  WFS admits that Plaintiff submitted written notice of her voluntarily resignation on October 15, 2021 and that her last day of work was October 29, 2021.  WFS denies the remaining allegations contained in ¶ 29 of the *Complaint*.

30.     At all times relevant, Defendant has refused to pay Plaintiffs sick time and training time in violation of New Jersey's Wage and Hour Law.

**ANSWER:**  WFS denies the allegations contained in ¶ 30 of the *Complaint*.

31.     On November 24, 2021, after Plaintiff had obtained all boarding passes for herself and her family, to travel to Atlanta, Ms. Nawab maliciously intervened and directed Tierra Flamer, a Customer Service Agent to step aside.

**ANSWER:**  WFS admits that Ms. Nawab refused to allow Plaintiff and her family to board the November 24th Frontier flight to ATL because there were an insufficient number of seats on the

7

flight to accommodate four stand-by, non-revenue passengers.   WFS denies the remaining allegations contained in ¶ 31 of the *Complaint.*

32.   Ms. Nawab then unassigned the seats registered to Plaintiff and her family and refused to allow Plaintiff and her family to board her flight.

**ANSWER:**   WFS admits that Ms. Nawab refused to allow Plaintiff and her family to board the November 24th Frontier flight to ATL because there were an insufficient number of seats on the flight to accommodate four stand-by, non-revenue passengers.   WFS denies the remaining allegations contained in ¶ 32 of the *Complaint*

33.   Ms. Nawab did not offer Plaintiff and her family any compensation or alternative flights for voiding their tickets.   Defendants have still not refunded Plaintiff the cost of the airline tickets.

**ANSWER:**   WFS denies the allegations contained in ¶ 33 of the Complaint and specifically states that – as a stand-by, non-revenue passenger – Plaintiff was not eligible for any compensation.

34.   Plaintiff's luggage and her three-year-old daughter's car seat were already stored on the airplane.   Nawab refused to return these items to Plaintiff and the luggage left with the airplane.

**ANSWER:**   WFS admits that Plaintiff's luggage and car seat were stored on the airplane and were not retrieved prior to the flight taking off for ATL.   WFS denies the remaining allegations contained in ¶ 34 of the *Complaint*.

8

35.   As a result of Defendants' actions, Plaintiff and her family were not able to travel to Atlanta for the Thanksgiving holiday.

**ANSWER:**  WFS denies the allegations contained in ¶ 35 of the Complaint and specifically states that Plaintiff made alternative arrangements to fly to ATL from PHL on the morning of November 25, 2021, but was a "no-show" for that flight.

36.   The luggage and car seat that had already been checked and stored on the plane was not returned until late in night on Thanksgiving, November 25, 2021.

**ANSWER:**   WFS admits the allegations contained in ¶ 36 of the *Complaint*.

37.   Plaintiff was forced to drive her three-year-old child in her car without a safe car seat.

**ANSWER:**  WFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the *Complaint* and, therefore, denies those allegations.  WFS specifically states that it has extra car seats and strollers on site at TTN for the temporary use of passengers who are unable to board flights but whose luggage remains on the plane.

38.   At all times relevant, Human Resources manager, Brianna Branca, was aware of Ms. Nawab's outrageous and discriminatory actions against Plaintiff but did nothing to intervene and stop the discrimination, retaliation and harassment.

**ANSWER:**  WFS denies the allegations contained in ¶ 38 of the *Complaint*.

39.   Any reason that Defendants can offer to justify the discharge of Plaintiff's employment are false and constitute a pretext.

9

**ANSWER**:  WFS denies the allegations contained in ¶ 39 of the *Complaint*.

40.     At all times relevant, Defendants provided preferential treatment to employees who were not pregnant, African, Black, Jamaican and who did not request an accommodation and/or who did not have disabilities.

**ANSWER**:  WFS denies the allegations contained in ¶ 40 of the *Complaint*.

41.     Defendants' aforesaid actions constitute disability discrimination; gender discrimination; pregnancy discrimination; race, color and national origin discrimination; and retaliation in violation of the LAD.

**ANSWER**:  WFS denies the allegations contained in ¶ 41 of the *Complaint*.

42.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

**ANSWER**:  WFS restates its answers to ¶¶ 1-41, *supra*.

43.     At all times relevant, Plaintiff was pregnant and under a physician's care due to disabilities related to her pregnancy.

**ANSWER**:  WFS admits that Plaintiff was pregnant during her employment.  WFS denies the allegations contained in ¶ 43 of the *Complaint*.

44.     Defendant refused to allow Plaintiff reasonable accommodations and failed to engage in the deliberative process to determine if a reasonable accommodation could be provided to Plaintiff.

15374243.3 2/15/2023

**ANSWER**:  WFS denies the allegations contained in ¶ 44 of the *Complaint*.

45.     Defendant's failure to provide a reasonable accommodation to Plaintiff; and failure to engage in the deliberative process to determine if a reasonable accommodation could be provided to Plaintiff caused Plaintiff to work in a hostile work environment and constitutes disability discrimination, harassment, constructive discharge and retaliation in violation of the New Jersey Law Against Discrimination.

**ANSWER**:  WFS denies the allegations contained in ¶ 45 of the *Complaint*.

46.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

**ANSWER**:     WFS restates its answers to ¶¶ 1-41, *supra*.

47.     Plaintiff engaged in protected conduct when she sought accommodations for her disability and pregnancy.

**ANSWER**:  WFS denies the allegations contained in ¶ 47 of the *Complaint*.

48.     Defendants' failure to accommodate Plaintiff and continued harassment of Plaintiff constitutes retaliation in violation of the LAD.

**ANSWER**:  WFS denies the allegations contained in ¶ 48 of the *Complaint*.

49.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

**ANSWER**:     WFS restates its answers to ¶¶ 1-48, *supra*.

50.      At all times relevant, Plaintiff was female, pregnant and reported her pregnancy to her supervisor and employer.

**ANSWER:**      WFS admits that Plaintiff was pregnant during her employment and that she made her supervisors aware of her pregnancy.  WFS denies the allegations contained in ¶ 50 of the *Complaint*.

51.      After Plaintiff reported her pregnancy to Defendants, she was subjected to discrimination, harassment, hostile work environment and retaliation.

**ANSWER:**      WFS denies the allegations contained in ¶ 51 of the *Complaint*.

52.      Defendants' aforesaid actions violate the LAD and constitute a constructive discharge.

**ANSWER:**      WFS denies the allegations contained in ¶ 43 of the *Complaint*.

53.      Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

**ANSWER:**      WFS restates its answers to ¶¶ 1-52, *supra*.

54.      At all times relevant, Plaintiff 's color is black, her race is African, and her national origin is Jamaican.

**ANSWER:**  WFS admits that Plaintiff is Black and that her national origin Jamaican.  WFS denies the remaining allegations contained in ¶ 54 of the *Complaint*.

15374243.3 2/15/2023

55.     Defendants subjected Plaintiff to discrimination, harassment, hostile work environment and retaliation because of her race, color and national origin.

**ANSWER:**  WFS denies the allegations contained in ¶ 55 of the *Complaint*.

56.     Defendants' aforesaid actions violate the LAD and constitute a constructive discharge.

**ANSWER:**  WFS denies the allegations contained in ¶ 56 of the *Complaint*.

57.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

**ANSWER:**     WFS restates its answers to ¶¶ 1-56, *supra*.

58.     By and through its course of conduct as alleged herein, Defendants violated the New Jersey Wage and Hour Law by failing to pay all of Plaintiffs wages.

**ANSWER:**  WFS denies the allegations contained in ¶ 58 of the *Complaint*.

59.     Defendants' conduct was intentional, deliberate, willful and was done with callous disregard of Plaintiff's rights.

**ANSWER:**  WFS denies the allegations contained in ¶ 59 of the *Complaint*.

60.     As a direct and proximate result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the New Jersey Wage and Hour Law, including back pay, front pay,

compensatory damages, punitive damages, attorney's fees, costs of litigation and any other relief that this court deems just and proper under the circumstances.

**ANSWER:** WFS denies the allegations contained in ¶ 60 of the *Complaint*.

## AS A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for actual damages is subject to her obligation to mitigate. Both amounts earned and amounts that could have been earned with the requisite diligence must be deducted from any such damage claims.

## AS A SECOND AFFIRMATIVE DEFENSE

WFS has established policies to comply with the federal and state anti-discrimination laws -- including the LAD -- and acted in good faith, without intent to violate and without reckless disregard of those laws.

## AS A THIRD AFFIRMATIVE DEFENSE

WFS has no liability with respect to Plaintiff's discrimination claims because: (a) it maintained a policy prohibiting discrimination and/or harassment in the workplace; (b) it exercised reasonable care in preventing and properly correcting any alleged discrimination or harassment; and (c) Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities that were provided, or unreasonably failed to avoid harm.

## AS A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any legally cognizable injury under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## AS A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## AS A SIXTH AFFIRMATIVE DEFENSE

Any and all actions taken by WFS with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory, and non-pretextual reasons.

## AS A SEVENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because WFS did not engage in any acts of discrimination or harassment toward Plaintiff.

## AS A EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statute of limitations.

## AS A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## AS A TENTH AFFIRMATIVE DEFENSE

WFS has established, implemented, and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices and exercised reasonable care to prevent and correct any allegedly harassing behavior.

## AS A ELEVENTH AFFIRMATIVE DEFENSE

WFS is entitled to a set-off against any damage award in the amount of the then-present value of the sums the Plaintiff earned or could have earned through reasonable diligence, plus the sum the Plaintiff obtained or could have obtained through unemployment compensation.

## AS A TWELFTH AFFIRMATIVE DEFENSE

There are no unpaid wages for the Plaintiff to recover. Plaintiff is not entitled to any relief under the New Jersey Wage and Hour Law because she was compensated for all time suffered or permitted to work.

## AS A THIRTEENTH AFFIRMATIVE DEFENSE

WFS made complete and timely payment of all wages due.

## AS A FOURTEENTH AFFIRMATIVE DEFENSE

At all times, WFS and its agents acted properly. Because WFS has not yet availed themselves of their right to discovery, WFS may not fully know the circumstances of the claims and allegations described in the Complaint. WFS hereby notifies Plaintiff that until WFS has had the opportunity to avail itself of its right to discovery; it cannot determine whether or not each of the above-stated defenses will, in fact be asserted during litigation. Such defenses, however, are raised in WFS's right to assert such defenses and thereby avoid the waiver of any such defenses. WFS reserves the right, upon completion of its investigation and discovery, to such additional defenses as they deem appropriate.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** WFS denies that Plaintiff is entitled to any of the relief requested or described in the "WHEREFORE" clauses of the Complaint, other than a jury trial, denies that Plaintiff is entitled to the relief sought in Counts I-V and lastly, demands dismissal of all claims with prejudice and judgment against Plaintiff for all applicable costs, fees and disbursements, as well as any other or further relief which the Court may deem just and proper.


Dated:  February 15, 2023


BOND SCHOENECK & KING PLLC

By: _____/s/_____
    Samuel G. Dobre, Esq.
*Attorneys for Defendant*
*WORLDWIDE FLIGHT SERVICES, INC*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
sdobre@bsk.com

17

**<u>CERTIFICATION PURSUANT TO R. 4:5-1(B)(2) and(3)</u>**

Defendant certifies pursuant to R. 4-5-1(b)(2) that the within action is not the subject of any other lawsuit.  Defendant further certifies that it is not aware of any other party that should be joined pursuant to R. 4:28 and R. 4:29-1(b). Pursuant to Rule 4:5-1(b)(3), and in compliance with Rule 1:38-7c, the undersigned counsel hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule.

Dated:  February 15, 2023                        BOND, SCHOENECK & KING, PLLC

                                       By: _____/s/_____
                                           Samuel G. Dobre, Esq.
                                       *Attorneys for Defendant*
                                       *WORLDWIDE FLIGHT SERVICES, INC*
                                       600 Third Avenue, 22nd Floor
                                       New York, New York 10016
                                       (646) 253-2320
                                       sdobre@bsk.com

TO:   Law Offices of William J. Fox, P.C.
      William J. Fox, Esq.
      Attorney for Plaintiff
      1626 Pine Street
      Philadelphia, Pennsylvania, 19103

15374243.3 2/15/2023

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-002081-22**

**Case Caption:** BURKE-GREEN-WARREN PAULA  VS
WORLDWIDE FLIGHT SER

**Case Initiation Date:** 12/05/2022

**Attorney Name:** SAMUEL G DOBRE

**Firm Name:** BOND SCHOENECK & KING

**Address:** 600 THIRD AVE 22ND FL

NEW YORK NY 100161915

**Phone:** 6462532300

**Name of Party:** DEFENDANT : WORLDWIDE FLIGHT
SERVICES, INC

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Answer

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** PAULA  BURKE-GREEN-
WARREN? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/15/2023                                                                                                /s/ SAMUEL G DOBRE
Dated                                                                                                            Signed