# EXHIBIT C

**MEGAN R. CALME, ESQ.**
**Wilson Elser Moskowitz Edelman and Dicker LLP**
Attorney Id.: 001202012
3102 West End Avenue, Suite 400
Nashville, Tennessee 37203
Direct: (248) 431-7362
Fax: (502) 238-7844
*Attorney for Defendants Indigo Partners and Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines, Inc., (i/p/a "Indigo Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines")*

| | | |
|---|---|---|
| PAULA BURKE-GREEN-WARRREN | ) | SUPERIOR COURT OF NEW JERSEY |
| | ) | MERCER COUNTY |
| Plaintiff, | ) | LAW DIVISION |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: MER-L-002081-22 |
| Worldwide Flight Services, Inc. and Indigo | ) | |
| Partners & Frontier Airlines Holdings, Inc. d/b/a | ) | |
| Frontier Airlines, | ) | **ANSWER AND SEPARATE** |
| | ) | **DEFENSES OF DEFENDANTS** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants Indigo Partners and Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines, Inc., (i/p/a "Indigo Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines") (collectively, "Defendants") for its Answer to Plaintiff's Complaint, say:

## PARTIES

1. Defendants deny that Plaintiff was an employee of Defendants. As to the remainder of the allegations, Defendants have insufficient knowledge at this time on which to form a belief as to the truth of the allegations contained in this paragraph, and leaves plaintiff to her proofs.

2. Defendants admit only that it conducts business in the State of New Jersey.

## FACTS

3. Defendants deny that Plaintiff was an employee of Defendants. As to the remainder of the allegations, Defendants have insufficient knowledge at this time on which to form a belief

as to the truth of the allegations contained in this paragraph, and leaves plaintiff to her proofs.

4. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

5. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

6. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

7. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

8. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

9. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

10. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

11. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

12. The allegations contained in this paragraph are not directed against these

Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

13. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

14. Defendants deny that Plaintiff was an employee of Defendants. As to the remainder of the allegations, Defendants have insufficient knowledge at this time on which to form a belief as to the truth of the allegations contained in this paragraph, and leave plaintiff to her proofs.

15. Defendants deny that Plaintiff was an employee of Defendants. As to the remainder of the allegations, Defendants have insufficient knowledge at this time on which to form a belief as to the truth of the allegations contained in this paragraph, and leave plaintiff to her proofs.

16. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

17. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

18. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

19. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

20. The allegations contained in this paragraph are not directed against these

Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

21. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

22. Defendants admit only that a booking was made on October 16, 2021 for travel from Philadelphia to Atlanta on November 24, 2021 for Paula Warren and three other passengers. As to the remainder of the allegations, as they are not directed against these Defendants, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

23. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

24. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

25. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

26. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

27. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which

may be deemed to be directed against these Defendants.

28. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

29. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

30. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

31. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

32. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

33. Defendants have insufficient knowledge at this time on which to form a belief as to the truth of the allegations contained in this paragraph, and leave plaintiff to her proofs.

34. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

35. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such

allegations which may be deemed to be directed against these Defendants.

36. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

37. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

38. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

39. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

40. Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

41. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

## COUNT 1
## N.J.S.A. 10:5-1, et seq.
## Disability Discrimination

42. Defendants incorporates their responses to paragraphs 1-41 above as if fully set forth herein.

43. The allegations contained in this paragraph are not directed against these

280103125v.1

Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

44.     Defendants deny the allegations asserted against it as contained in this paragraph, and leave plaintiff to her proofs.

45.     The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

Defendants deny all allegations in the "Wherefore" and/or *ad damnum* paragraphs of Count I of the Complaint. Any and all remaining allegations contained in Count I of Plaintiff's Complaint not expressly admitted herein are likewise denied.

## COUNT II
## N.J.S.A. 10:5-1, et. seq.
## RETALIATION

46.     Defendants incorporates their responses to paragraphs 1-45 above as if fully set forth herein.

47.     The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

48.     The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

Defendants deny all allegations in the "Wherefore" and/or *ad damnum* paragraphs of Count II of the Complaint. Any and all remaining allegations contained in Count II of Plaintiff's

Complaint not expressly admitted herein are likewise denied.

## COUNT III
## N.J.S.A. 10:5-1, et. seq.
## Gender and Pregnancy Discrimination & Retaliation

49. Defendants incorporate its responses to paragraphs 1-48 above as if fully set forth herein.

50. The allegations contained in this paragraph are not directed against these Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

51. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

52. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

Defendants deny all allegations in the "Wherefore" and/or *ad damnum* paragraphs of Count III of the Complaint. Any and all remaining allegations contained in Count III of Plaintiff's Complaint not expressly admitted herein are likewise denied.

## COUNT IV
## N.J.S.A. 10:5-1, et. seq.
## Race, Color and National Origin Discrimination

53. Defendants incorporate its responses to paragraphs 1-52 above as if fully set forth herein.

54. The allegations contained in this paragraph are not directed against these

Defendants and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

55. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

56. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

Defendants deny all allegations in the "Wherefore" and/or *ad damnum* paragraphs of Count IV of the Complaint. Any and all remaining allegations contained in Count IV of Plaintiff's Complaint not expressly admitted herein are likewise denied.

### COUNT V
### N.J.S.A. 34:11-1, et. seq.
### New Jersey Wage And Hour Law – Failure To Pay Wages

57. Defendants incorporate its responses to paragraphs 1-56 above as if fully set forth herein.

58. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

59. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which may be deemed to be directed against these Defendants.

60. The allegations contained in this paragraph are not of facts but are conclusions of law and, therefore, no answer is made to the allegations, except to deny any such allegations which

may be deemed to be directed against these Defendants.

## SEPARATE DEFENSES

1. Defendants did not proximately cause the injuries of which plaintiff complains.

2. Plaintiff's causes of action are barred by the applicable statute of limitations.

3. The Complaint fails to set forth a cause of action upon which relief can be granted against Defendants.

4. The incidents and the alleged damages are due to the conduct of third persons over whom Defendants exercised no control.

5. The conduct alleged in the Complaint was not performed by an agent, servant or employee of Defendants.

6. Plaintiff is not an employee or agent of Defendants.

7. Defendants are entitled to a set-off against any damage award in the amount of then-present value of the sums the Plaintiff earned or could have earned through reasonable diligence, plus the sum the Plaintiff obtained or could have obtained through unemployment compensation.

8. Plaintiff has not suffered any legally cognizable injury under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and has failed to state a cause of action as to same.

9. Plaintiff's claim for actual damages is subject to her obligation to mitigate.

10. Defendants move to strike any claim for punitive damages and denies that the factual allegations in the Complaint establish a legal basis for the award of punitive damages.

11. Plaintiff's claim for punitive damages cannot be maintained unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence. Without such a requirement, any award of punitive

280103125v.1

damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

12. Defendants reserve the right, upon completion of its investigation and discovery, to such additional defenses as they deem appropriate.

WHEREFORE, having fully answered the Complaint, Defendants Indigo Partners and Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines, Inc., (i/p/a "Indigo Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines"), hereby pray for the following relief from this Honorable Court:

1. that the Complaint be dismissed;
2. For trial by full jury;
3. For all costs and fees associated with this action to be taxed against Plaintiff; and
4. For such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all issues.

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of Rule 4:5-1, I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other action, pending in any other Court, or of a pending arbitration proceeding, nor is any other cause of action or arbitration proceeding contemplated.

280103125v.1

## RULE 4:5-1(B)(3) CERTIFICATION

Pursuant to Rule 4:5-1(b)(3), and in compliance with Rule 1:38-7(c), the undersigned hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## RULE 4:6 CERTIFICATION

I, the undersigned, do hereby certify that the within Answer has been served in accordance with Rule 4:6.

Respectfully submitted this 24th day of February, 2023

                                            **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                                            */s/ Megan R. Calme*
                                            Megan R. Calme, Esq.
                                            Attorney Id.: 001202012
                                            3102 West End Avenue
                                            Suite 400
                                            Nashville, TN 37203
                                            615-324-7840 (Main)
                                            502-238-7844 (Fax)
                                            Megan.calme@wilsonelser.com

## CERTIFICATION OF MAILING

I, Megan Calme, hereby certifies as follows:

I caused service of the within Answer on behalf of the herein named defendants upon:

William J. Fox, Esq.
Law Offices of William J. Fox, P.C.
1626 Pine Street
Philadelphia, PA 19103
*Attorney for Plaintiff*

Samuel G. Dobre, Esq.
Bond Schoeneck & King PLLC
600 Third Avenue, 22nd Floor
New York, New York 10016
(e): sdobre@bsk.com
*Attorney for Defendant Worldwide Flight Services, Inc.*

I certify that the original of the within Answer was filed via electronic filing, with the Clerk of Mercer County, New Jersey, pursuant to the direct filing system on this same date.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted this 24th day of February, 2023

                                                     */s/ Megan R. Calme*_____
                                                       Megan R. Calme

280103125v.1