UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAULA BURKE-GREEN-WARREN,

                Plaintiff,

      v.

WORLDWIDE FLIGHT SERVICES, INC., INDIGO PARTNERS & FRONTIER AIRLINES HOLDINGS, INC. d/b/a FRONTIER AIRLINES,

                Defendants.

Civil Action No.: 23-2082 (PGS)

## **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

WHEREAS, Fed. R. Civ. P. 26(c) provides for the issuance of a protective order limiting the disclosure of confidential information in appropriate circumstances, the parties having reached an agreement regarding certain confidential information that will be produced in discovery, and the Court being otherwise sufficiently advised:

The Court hereby ORDERS the entry of this Confidentiality Agreement and Stipulated Protective Order in the above-captioned action.

1.     **Scope.** This Confidentiality Agreement and Stipulated Protective Order (hereinafter "Protective Order") shall govern the production and use of all documents, information, data, material, studies, recordings, testimony, and/or other items (hereinafter collectively "documents") produced by Defendants, through their respective counsel, in response to discovery requests served by the other parties to this action or utilized and/or referenced during depositions

or other proceedings in this action, which Defendants and/or their respective counsel designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The protections conferred by this Protective Order cover not only documents (as defined above), but also (1) any "Confidential Information" and "Attorneys' Eyes Only Information" copied or extracted from documents; (2) all copies, excerpts, summaries, or compilations of "Confidential Information" and "Attorneys' Eyes Only Information"; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal "Confidential Information" and "Attorneys' Eyes Only Information." These protections are currently limited to the documents and information specifically identified below and as articulated by Defendants that they have in their possession to produce and why it considers the information to be in need of these designations. The parties shall submit a proposed amended order should additional documents not specified below require one of these designations in the future.

2. **Dissemination/Disclosure.** Any person or entity subject to this Protective Order, as set forth below, shall not disseminate or disclose documents designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or the information contained therein, except in furtherance of limited purposes directly related to the prosecution of claims or defenses in this action as permitted by this Protective Order. As used in this Protective Order, the term "disseminate" shall include, but not be limited to, speaking about or paraphrasing the contents of; posting through electronic means, the internet, or social media, the contents of; and copying, photographing, scanning, streaming, videotaping, transcribing, retyping, reproducing, or reprinting by any means whatsoever, any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The parties and counsel shall be subject to all restrictions on dissemination and disclosure set forth in this Protective Order.

3. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. "Attorneys' Eyes Only" documents shall be so designated by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "ATTORNEYS' EYES ONLY" designation. Documents shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver, in whole or in part, of the right to designate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as otherwise allowed by this Protective Order.

4. **Documents Which May be Designated Confidential.** A party may designate documents as "CONFIDENTIAL" but only after review of the documents and certification by an attorney who has, in good faith, determined that the documents contain "Confidential Information." "Confidential Information" as used in this Protective Order shall mean information which falls within one or more of the following categories:

    a. Protected from disclosure by statute;

    b. Sensitive personal information;

    c. Personal Identifying Information;

    d. Trade secrets;

    e. Research, technical, commercial, or financial information that the producing party has maintained as confidential;

f. Non-public information maintained by a third party as confidential that the producing party receives, obtains, or is provided access to that the producing party has maintained as confidential;

g. Medical information concerning any individual;

h. Tax returns (including attached schedules and forms) and tax forms including, but not limited to, W-2 forms and 1099 forms; or

i. Personnel or employment records of a person who is not a party to the action.

Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL."

Counsel for Plaintiff and counsel for Defendants have met and conferred over Defendants' request for "CONFIDENTIAL" status of certain documents and information that Defendants have in their possession to produce, and for now, this designation shall be limited to the following:

- The applicable Standard Ground Handling Agreement entered into between Defendants Frontier Airlines, Inc. and Worldwide Flight Services, Inc. because Defendants consider the terms and conditions of its contracts to be trade secrets and proprietary business information.

Despite previous meet and confers on these designations and specific documents, the parties to this agreement reserve the right to challenge this designation pursuant to the procedure outlined in Section 10 if, upon review of these particular documents and other information, they determine that they disagree with any designation. The parties shall submit a proposed amended order should additional documents be produced that need this designation and the producing party will further articulate why any additional documents require this designation.

- Page 4 of 16 -

285468937v.1

5. **Documents Which May be Designated Attorneys' Eyes Only.** A party may designate documents as "ATTORNEYS' EYES ONLY" but only after review of the documents and certification by an attorney who has, in good faith, determined that the documents contain "Attorneys' Eyes Only Information." "Attorneys' Eyes Only Information" is extremely sensitive "Confidential Information," disclosure of which to another party or nonparty would create a substantial risk of serious harm to the business or competitive position of the designating party that could not be avoided by less restrictive means. "Attorneys' Eyes Only Information" as used in this Protective Order shall mean information that falls within one or more of the following categories:

    a. Sensitive business information, including highly sensitive financial or marketing information;

    b. Competitive business information, including non-public financial and marketing analyses;

    c. Vendor or business partner relationships or documents that fall within one or more of the aforementioned categories defined in this Paragraph; or

    d. Any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

Information or documents which are available in the public sector may not be designated as "ATTORNEYS' EYES ONLY."

Despite previous meet and confers on these designations and specific documents, the parties to this agreement reserve the right to challenge this designation pursuant to the procedure outlined above if, upon review of these particular documents and other information, they determine

that they disagree with any designation. The parties shall submit a proposed amended order should additional documents be produced that need this designation and the producing party will further articulate why any additional documents require this designation.

6. **Depositions.** Portions of depositions shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if designated as such when the deposition is taken. Such designation shall be specific as to the portions to be protected. The portions of the transcripts of all such testimony shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be labeled with the appropriate notation by the court reporter/stenographer. To the extent documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are used in the taking of depositions, same shall remain subject to the provisions of this Protective Order, unless the Court expressly rules otherwise. If any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order is used during the course of a deposition in this lawsuit, that portion of the deposition record referencing such document shall be labeled with the appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. The court reporter/stenographer also shall clearly and conspicuously mark the front page of any transcript which contains references to Confidential Information or Attorneys' Eyes Only Information with the respective "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. If Confidential Information or Attorneys' Eyes Only Information is to be disclosed at a deposition, the producing party shall have the right to exclude from attendance, during the time in which the Confidential Information or Attorneys' Eyes Only Information is to be discussed, any persons not bound by this Protective Order.

"Confidential Information" or "Attorneys' Eyes Only Information" disclosed at a deposition may also be designated as such by notifying all parties in writing not later than thirty (30) days after receipt of the transcript of the specific pages and lines of the transcript that should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's

possession, custody, or control. All deposition transcripts shall be treated as "ATTORNEYS' EYES ONLY" for a period of 30 days after initial receipt of the transcript.

7. **Protection of Confidential and Attorneys' Eyes Only Material.**

a. **General Protections.** Documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall not be used, disclosed, or disseminated by the parties or counsel for the parties or any other persons identified below (¶ 7.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third-Party Disclosures of Confidential Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL" pursuant to this Protective Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Protective Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

  (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

  (4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

  (5) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

 c. **Limited Third-Party Disclosures of Attorneys' Eyes Only Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "ATTORNEYS' EYES ONLY" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (4) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "ATTORNEYS' EYES ONLY" pursuant to this Protective Order:

  (1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

  (2) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(3)   consultants or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(4)   other witnesses only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

d.   **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or dissemination of the Confidential or Attorneys' Eyes Only information contained therein, pursuant to the terms of this Protective Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order. If a receiving party learns of any unauthorized disclosure of "Confidential Information" or "Attorneys' Eyes Only Information," the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

e.   **Unintentional Disclosures.**   Documents unintentionally produced without designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be later designated and shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the date written notice of the designation is provided to the receiving party.

f.   **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" or

285468937v.1

"ATTORNEYS' EYES ONLY" under this Protective Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word or words do not already appear on the copy. All such copies shall be afforded the full protection of this Protective Order.

8. **Filing of Confidential and Attorneys' Eyes Only Materials.** Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the Court or any appellate court, said party shall notify the party that has designated the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and afford the designating party no less than 3 business days to file a joint motion for leave to seal. Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion. Consistent with the requirements in the Local Rules, the motion for leave to seal must explain why "sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." The party seeking to file any said Confidential Information shall not oppose the motion, but shall have no further obligations under this Order, and the party seeking to file does not waive any rights under this Order. Should the Court grant the motion, the documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES" shall be filed in a sealed envelope with a cover label bearing the caption of the action containing the following notice: TO BE FILED UNDER SEAL PURSUANT TO AGREED CONFIDENTIALITY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, Civil Action No. 23-2082-PGS. Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES used in any court proceeding in connection with this action shall not lose its confidential status through

such use. All such documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES" so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto. In the event that each designating party and any party seeking to use such documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES" at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the documents, the matter shall be submitted to the Court.

9. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

10. **Challenges to Designation as Confidential or Attorneys' Eyes Only.** Any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is subject to challenge. The following procedures shall apply to any such challenge:

a. The burden of proving the necessity of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation remains with the party asserting confidentiality or the need for "Attorneys' Eyes Only" levels of protection to extremely sensitive "Confidential Information."

b. A party who contends that documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the

written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the Confidential or Attorneys' Eyes Only designation.

c.  Notwithstanding any challenge to the designation of documents as confidential, all documents previously designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(1) the party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" withdraws such designation in writing;

(2) the party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" fails to move timely for an order designating the documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as set forth in paragraph 9.b. above; or

(3) the court rules that the documents should no longer be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

d.  Challenges to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.  **Documents Produced for Inspection Prior to Designation.**  In the event documents are produced for inspection prior to designation, the documents shall be treated as "ATTORNEYS' EYES ONLY" during inspection. At the time of copying for the inspecting parties, shall be marked prominently "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party.

12. **Treatment on Conclusion of Litigation.**

a. **Protective Order Remains in Effect.** All provisions of this Protective Order restricting the use of documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, including copies as defined above (¶7.e.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents. This work product continues to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

13. **Protective Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in

the matter to intervene for purposes of addressing the scope and terms of this Protective Order. This Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

14. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel is subject to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as a document-specific ruling shall have been made.

15. **Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

So Ordered—

_____  8/15/23
Douglas E. Arpert, U.S.M.J.

[Terminates dkt. no. 13]

**SEEN AND AGREED TO BY:**

**BOND, SCHOENECK & KING PLLC**

By:   */s/ Samuel Dobre (with expressed permission by Megan R. Calme)*
      Samuel G. Dobre, Esq.
*Attorneys for Defendant*
*Worldwide Flight Services*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
sdobre@bsk.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:   */s/ Megan Calme-Cappellini*
      Megan Calme-Cappellini, Esq.
*Attorneys for Defendant*
*Indigo Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines*
3102 West End Avenue Suite 400
Nashville, TN 37203
(973)735-5987
megan.calme@wilsonelser.com

**LAW OFFICES OF WILLIAM J. FOX, P.C**

By: _____
      William J. Fox, Esq.
*Attorneys for Plaintiff*
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477
wjf@billfoxlaw.com

SEEN AND AGREED TO BY:

**BOND, SCHOENECK & KING PLLC**

By: _____
      Samuel G. Dobre, Esq.
      *Attorneys for Defendant*
      *Worldwide Flight Services*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
sdobre@bsk.com


**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____
      Megan Calme-Cappellini, Esq.
*Attorneys for Defendant*
*Indigo Partners & Frontier Airlines Holdings, Inc. d/b/a Frontier Airlines*
3102 West End Avenue Suite 400
Nashville, TN 37203
(973)735-5987
megan.calme@wilsonelser.com


**LAW OFFICES OF WILLIAM J. FOX, P.C**

By: ___/s/ W J Fox/___
      William J. Fox, Esq.
      *Attorneys for Plaintiff*
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477
wjf@billfoxlaw.com

## ATTACHMENT A

### ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

PAULA BURKE-GREEN-WARREN,

        Plaintiff,

    v.

WORLDWIDE FLIGHT SERVICES, INC., INDIGO PARTNERS & FRONTIER AIRLINES HOLDINGS, INC. d/b/a FRONTIER AIRLINES,

        Defendants.

Civil Action No.: 23-2082 (PGS)

    The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement and Stipulated Protective Order dated _____, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of New Jersey, in matters relating to the Stipulated Confidentiality and Protective Order and understands that the terms of said Protective Order obligate him/her to use discovery materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" solely for the purposes of the above-captioned action, and not to disclose any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information to any other person, firm, or concern.

    The undersigned acknowledges that violation of the Confidentiality Agreement and Stipulated Protective Order may result in penalties for contempt of court.

| | |
|---|---|
| Name: | [undersigned name [att B]] |
| Job Title: | [Job Title [att B]] |
| Employer: | [Employer [att B]] |
| Business Address: | [Business Address [att B]] |

Date: **[date attachment B signed]**          [Signature [attachment B]]
Signature